**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| ALBERT RIEDERER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 11-2517-JAR |
| BRYAN C. WHIPPLE, et. al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' Bryan C. Whipple, Chad S. Maxwell, Dane Devlin, and Kyle Garst, Motion to Withdraw Reference and Transfer Proceeding to District Court (Doc. 2). The plaintiff, Trustee Riederer, has responded,[1] defendants have replied,[2] and the parties have filed supplemental briefs pursuant to the Bankruptcy Court's order requesting additional briefing.[3] The Bankruptcy Court has filed a Report and Recommendation on the matter pursuant to D. Kan. Rule 83.8.6 (Doc. 8). The Court has reviewed the motion, plaintiff's response, supplementary briefs, and the Bankruptcy Court's Report and Recommendation. For the following reasons, the Court rules that the motion to withdraw reference is premature and that the Bankruptcy Court's Report and Recommendation should be adopted.

The instant case is one of approximately 84 separate adversary proceedings filed by the

---

[1] Doc. 3.

[2] Doc. 4.

[3] Doc. 5-7.

Trustee against approximately 460 defendants. The Trustee seeks to recover from those alleged to have responsibility for the debtors' failure. The seventeen defendants in this adversary proceeding include the former members of the board of directors of Brooke Corporation and Brooke Capital Corporation ("Brooke"), certain former officers of Brooke, entities engaged as security underwriters for Brooke stock offerings, and Kutak Rock, L.L.P., a law firm engaged as counsel for Brooke. The four defendants filing the instant motion to withdraw reference are alleged to have served as members of the board of directors of Brooke Franchise, later known as Brooke Capital.

Defendants are requesting withdrawal of reference, but only after all trial preparation is complete. Defendants also assert that all of the defendants in the adversary proceeding should be kept together for all pretrial proceedings. Co-defendant Kutak Rock filed a separate motion for withdrawal of reference, requesting immediate withdrawal of reference.[4] Although the remaining twelve defendants have not filed a motion for withdrawal of reference, the Bankruptcy Court noted that three of them orally opposed withdrawal at this time, and the nine remaining defendants have taken no position on withdrawal of reference. Plaintiff Trustee submits that withdrawal should be limited to only those defendants establishing cause pursuant to a timely motion and that withdrawal should be delayed until the case is ready for trial.

Defendants move for withdrawal of reference pursuant to D. Kan. Rule 83.8.6(a)(5)[5] and (6), alleging that: (i) defendants are entitled to a jury trial of all issues presented in the adversary

---

[4] The motion filed by Kutak Rock was denied as premature. *See Riederer v. Kutak Rock, L.L.P.,* Case No. 11-2456-JTM, Doc. 9 (D. Kan. Oct. 3, 2011).

[5] Plaintiff notes that because subsection (a)(5) refers to proceedings under 11 U.S.C. § 303, dealing with involuntary bankruptcies, it is not applicable.

proceeding, (ii) in conjunction with its answer in the adversary defendants will demand a jury trial and will not consent to such a jury trial being conducted by the bankruptcy court, and (iii) the defendants' request for a jury trial coupled with the fact that this proceeding is predominated by state law tort claims establishes cause for withdrawing the reference pursuant to 28 U.S.C. § 157(d).

The Bankruptcy Court concluded in its Report and Recommendation that there is a right to trial by jury on all counts alleged against these defendants, their jury trial demand was timely, and they have not consented to the Bankruptcy Court conducting it. Although three of the defendants have filed proofs of claim in the bankruptcy case, the Bankruptcy Court found that "the better view is that filing of a proof of claim constitutes a waiver of the right to jury trial only as to issues directly involved in the claims allowance process."

Even when the right to a jury trial constitutes cause for withdrawal, the court "may decline to withdraw the reference until the case is ready for trial."[6] This "approach streamlines pretrial procedure and serves the interests of judicial efficiency by taking advantage of the Bankruptcy Court's expertise and familiarity of the issues and discouraging forum shopping."[7] Any judicial economy effectuated by withdrawing the reference at this time would be minimal, and would disturb "Congress' intent to leave questions involving the bankruptcy court's expertise within its jurisdiction to the greatest extent possible."[8]

The Bankruptcy Court further recommended that the decision on the withdrawal issues

---

[6] *In re Hardesty*, 190 B.R. 653, 656 (D. Kan. 1995).

[7] *Redmond v. Hassan,* No. 07-204-KHV, 2007 WL 677611, at *1 (D. Kan. Feb. 28, 2007) (citing *In re Hardesty,* 190 B.R. at 656-57).

[8] *In re Kuhlman Diecasting,* 152 B.R. 310, 312 (D. Kan. 1993) (citation omitted).

be deferred until the scope of the litigation is more clearly defined.  Because motions to dismiss have been filed and the Bankruptcy Court has been informed that some defendants are engaged in serious settlement negotiations, it is impossible to predict the ultimate shape of litigation.  Because of these uncertainties and the disparate positions of the presently active defendants, the Bankruptcy Court recommends that the decision on withdrawal of reference not be made at this time.

The Bankruptcy Court recommends that a decision on when reference should be withdrawn and whether the claims against all defendants or fewer than all should be withdrawn be deferred until the status of the case is solidified.  The Bankruptcy Court will *sua sponte* supplement its recommendation after all initial pleadings have been filed and pending motions to dismiss have been determined.  The Bankruptcy Court's decision to supplement its recommendation after all initial pleadings have been filed and motions to dismiss have been determined persuades this Court that withdrawal is premature at this time.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Bryan C. Whipple, Chad S. Maxwell, Dane Devlin, and Kyle Garst, Motion to Withdraw Reference and Transfer Proceeding to District Court (Doc. 2) is DENIED as premature.

**IT IS FURTHER ORDERED** that the Bankruptcy Court's Report and Recommendation (Doc. 8) is ADOPTED.

**IT IS SO ORDERED.**

Dated: October 19, 2011

                                          S/ Julie A. Robinson
                                          JULIE A. ROBINSON
                                          UNITED STATES DISTRICT JUDGE